Filed 10/22/15  P. v. Roberts CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES RAY ROBERTS,<br><br>    Defendant and Appellant. | D067651<br><br><br><br>(Super. Ct. No. SCD118963) |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey F. Fraser and Christine V. Pate, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

In 1996, James Ray Roberts was convicted of petty theft (Pen. Code,[1] § 484) and giving false information to a police officer (§ 148.9, subd. (a)).  The court found true two serious/violent felony prior convictions (§ 667, subds. (b)-(i)).  The court also found true

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

the allegation under section 666 of a prior theft-related conviction, which elevated the petty theft conviction to a felony. Roberts was sentenced to an indeterminate term of 25 years to life.

In December 2014, Roberts filed a petition for writ of habeas corpus with the superior court. In the petition he requested relief under Proposition 47 (§ 1170.18) to reduce his petty theft conviction to a misdemeanor. Roberts also requested relief under Proposition 36 (§ 1170.126) to recall his third strike sentence since it was based on a nonviolent or serious felony.

The court denied his petitions because as to each proposition Roberts had a prior conviction for rape and was required to register as a sex offender. Roberts had argued that denying reduction of the offense to a misdemeanor violated equal protection and that denying Proposition 36 recall would violate the prohibition on cruel and unusual punishment.

Roberts filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating she has not been able to identify any reasonably arguable issues for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Roberts the opportunity to file his own brief on appeal but he has not responded.

STATEMENT OF FACTS

The 1996 offense involved Roberts taking groceries from a Vons store without paying for them.

2

DISCUSSION

As we have indicated, counsel has asked this court to review the record for error as required by *Wende, supra,* 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not arguable issues to assist this court in its review of the record:

1. Whether the denial of Proposition 47 relief, based on the existence of the disqualifying rape prior conviction, denied Roberts equal protection.

2. Whether denial of Proposition 36 recall of his third strike sentence, again based upon a disqualifying prior conviction, resulted in a sentence that amounted to cruel and unusual punishment.

We have reviewed the entire record as mandated by *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738. We have not discovered any reasonably arguable issues for reversal on appeal. Competent counsel has represented Roberts on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


McDONALD, J.

3